1  Steven J. Nataupsky (SBN 155,913)
   steven.nataupsky@knobbe.com
2  Sheila N. Swaroop (SBN 203,476)
   sheila.swaroop@knobbe.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, 14th Floor
4  Irvine, CA  92614
   Telephone:  949-760-0404
5  Facsimile:  949-760-9502

6
   Attorneys for Plaintiff MOPHIE, INC.
7

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOPHIE, INC., a California corporation, | Civil Action No. 8:14-cv-01422 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF TRADEMARK RIGHTS** |
| v. | |
| ABM WIRELESS, INC. d/b/a MOBILEISTIC, a New York corporation. | |
| Defendant. | |

Plaintiff mophie, Inc. ("mophie") brings this Complaint for Declaratory Judgment of Non-Infringement of Trademark Rights against Defendant ABM Wireless, Inc. d/b/a Mobileistic ("ABM") and alleges as follows:

## I. NATURE OF THE ACTION

1. This declaratory judgment action seeks to clarify mophie's right to use its ⬛ mark. This action is filed in response to ABM's threats to engage in litigation to stop such use based on its alleged rights in the marks ⬛ and ⬛ mobileistic. ABM should not be permitted to enforce its purported marks against mophie, and mophie is entitled to a declaration that its mark does not infringe ABM's rights.

## II. JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1332, and 2201 and 15 U.S.C. §§ 1114 and 1125.

3. This Court has personal jurisdiction over ABM because ABM has a continuous, systematic, and substantial presence within this judicial district including by enforcing its trademark rights against companies that reside in this District and by having a business address within this district.

4. Venue is proper in this judicial district under 28 U.S.C. §1391.

## III. THE PARTIES

5. Plaintiff mophie, Inc. is a corporation organized and existing under the laws of the State of California, having its principal place of business at 15101 Red Hill Avenue, Tustin, CA 92780.

6. mophie is informed and believes, and thereon alleges, that Defendant ABM Wireless, Inc. d/b/a Mobileistic is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 205 Marcus Blvd., Hauppauge, New York 11788. Upon information and belief, ABM also has an office within this district at 905 Columbia St. in Brea, California.

## IV. GENERAL ALLEGATIONS

### A. mophie is an innovator and market leader in battery cases

7. mophie designs and develops innovative products in the consumer electronics area. These products include several protective battery case designs for the iPhone sold by Apple, Inc. ("Apple") and other smartphones, which provide both a protective case and a portable backup battery source that can recharge the phone if its internal battery is drained of power.

8. Since at least as early as 2007, mophie has marketed and sold its high quality consumer electronics products in connection with the mark ![mophie mark] (the "mophie Mark").

9. mophie has invested a considerable amount of time and money in establishing the mophie Mark in the minds of consumers as a source of high quality products. As a result of mophie's substantial use and promotion of the mophie Mark in connection with consumer electronics and other products, the mark has acquired great value as an identifier of mophie's products and serves to distinguish mophie's products from those of others. According to third party industry estimates, mophie has consistently held a dominant market share in the charging case market and currently holds a market share of approximately 90%.

### B. ABM's improper threats of infringement

10. After mophie and its mophie Mark became well-established in the consumer electronics industry, ABM began contacting mophie to assert a claim of trademark infringement.

11. On or about March 19, 2012, ABM wrote to mophie and asserted that mophie infringes ABM's trademarks, including U.S. Trademark Registration Nos. 4,011,446 and 4,051,955 (collectively, the "Alleged ABM Marks") through use of the mophie Mark. In its letter, ABM alleged that mophie has been trading on the name, goodwill and reputation of ABM and that mophie's actions constitute trademark, trade dress and trade name infringement,

1 as well as unfair competition under 15 U.S.C. § 1125(a).

2     12.    Subsequent to this initial correspondence, ABM has continued to communicate with mophie in writing and in person regarding ABM's accusations of trademark infringement.

3     13.    Upon information and belief, ABM did not begin using the Alleged ABM Marks in connection with consumer electronics products until 2012, years after the mophie Mark became a well-known mark in the industry due to mophie's efforts to use and promote the mophie Mark.

4     14.    There is no likelihood of confusion between the Alleged ABM Marks and the mophie Mark, and there are several differences between the Alleged ABM Marks and the mophie Mark. Upon information and belief, ABM has consistently used the Alleged ABM Marks in commerce as shown below with a purple background and purple lettering.



    15.    In contrast, mophie has consistently used the mophie Mark with a black background.

    16.    In addition, several other parties use "Circle M" marks in connection with batteries, battery chargers, headsets or other related goods, including but not limited to U.S. Registration No. 1792437 owned by Multiplier Industries Corp., shown on the left, a mark used by MyCharge for charging banks, shown in the middle, and U.S. Registration No. 3477883 to Motorola, shown on the right:

/ / /

/ / /

/ / /

-3-

  

U.S. Registration No. 1792437        MyCharge logo        U.S. Registration No. 3477883

17. The fact that other parties in the industry use a Circle M logo for battery and charging-related products further emphasizes the lack of any confusion between the Alleged ABM Marks and the mophie Mark.

18. mophie has obtained its own registrations for the mophie Mark, including U.S. Registration Nos. 3681443 and 3958080, demonstrating that the Patent and Trademark Office did not identify any likelihood of confusion between the mophie Mark and the Alleged ABM Marks.

19. Despite the lack of any confusion between the Alleged ABM Marks and the mophie Mark, ABM has maintained its position that mophie infringes the Alleged ABM Marks.

20. In July 2014, the president of ABM attended an in-person meeting at mophie's facilities in Tustin, California to further discuss ABM's assertions and mophie's continued use of the mophie Mark and has had continued discussions with mophie.

21. In these discussions, ABM has demanded that mophie pay an exorbitant monetary sum to resolve this matter short of litigation. The amounts demanded by ABM appear to be an effort to extract a large financial payout from mophie, rather than a good-faith effort to resolve the parties' dispute.

22. ABM's actions and conduct create a reasonable apprehension of litigation and a justiciable controversy between the parties regarding mophie's right to continue using the mophie Mark. Unless mophie agrees to the unreasonable demands made by ABM, mophie will continue to face a threat that

ABM will assert infringement of the Alleged ABM Marks.

## V. **CLAIM FOR RELIEF**

(Declaratory Judgment of Non-Infringement of Trademark Rights)

(15 U.S.C. §§ 1114 and 1125)

23. mophie repeats and re-alleges the allegations of Paragraphs 1-22 of this Complaint as if set forth fully herein.

24. There is no likelihood of confusion between the Alleged ABM Marks and the mophie Mark.

25. mophie has not infringed and does not infringe any of ABM's rights. mophie is entitled to use the mophie Mark without any interference by ABM.

26. A judicial declaration is necessary and appropriate so that mophie may ascertain its rights with respect to the mophie Mark.

**WHEREFORE**, mophie prays for judgment in its favor against ABM for the following relief:

A. This Court enter a judgment declaring that mophie has not infringed and is not infringing any of ABM's Alleged Marks;

B. This Court enter a judgment declaring that mophie has the lawful right to continue to use the mophie Mark in connection with the manufacture, display, advertising, marketing, promotion, sale, offer for sell, and/or importation into the United States of its products without threat or interference by ABM;

C. ABM and its agents, representatives, attorneys, and those persons in active concert or participation with them who receive actual notice hereof, be preliminarily and permanently enjoined from threatening or initiating infringement litigation against mophie or any of its customers, distributors, dealers, or suppliers, or any prospective customers, distributors, dealers, or suppliers of mophie, or charging any of them with infringement of any of ABM's Alleged Marks;

D. This Court award mophie its reasonable attorneys' fees and costs under 15 U.S.C. § 1117;

E. mophie be awarded relief under 28 U.S.C. § 2202; and

F. mophie be awarded such other and further relief as this Court deems just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: September 5, 2014   By: */s/ Sheila N. Swaroop*
                                      Steven J. Nataupsky
                                      Sheila N. Swaroop

Attorneys for Plaintiff MOPHIE, INC.

18755791